**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Parlin, ) | No. CV-07-00820-PHX-SMM |
| Plaintiff, ) | **MEMORANDUM OF DECISION AND ORDER** |
| vs. ) | |
| Michael J. Astrue, ) Commissioner, Social Security ) Administration ) | |
| Defendant. ) | |

Pending before the Court are Plaintiff Helen Parlin's Motion for Summary Judgment (Dkt. 14) and Defendant Michael J. Astrue, Commissioner of Social Security Administration's Cross-Motion for Summary Judgment. (Dkt. 16). After consideration of the arguments advanced by the parties, the Court finds the following.

## BACKGROUND

**Procedural History**

On June 30, 1999, Plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, wherein she alleged disability due to fibromyalgia, arthritis, asthma, knee and foot pain, right hand pain and weakness, carpal tunnel syndrome, tendinitis, hearing loss, back pain, insomnia, depression and obesity. (Pl. Statement of Facts.) The DIB application was denied initially and again upon reconsideration. (Tr. 62 and 69.) At Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on April 25, 2002, with Plaintiff and her attorney present. (Tr. 32-59.) The ALJ denied Plaintiff's DIB application in a decision dated June 27, 2002. (Tr. 20-26.) Thereafter, Plaintiff requested

administrative review (Tr. 14-16); however, the Appeals Council declined, making the ALJ's decision the final decision of the Commissioner. Plaintiff timely sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). On judicial review, the parties stipulated to remand the case to the Commissioner for further administrative action. (Tr. 605-07.)

The Appeals Council remanded the case to the ALJ. (Tr. 9-10.) After another hearing (Tr. 572-84, 698-710), the ALJ determined that Plaintiff was not disabled. (Tr. 561-71.) Plaintiff then commenced the instant action.

Plaintiff filed the pending Motion for Summary Judgment on August 31, 2007. (Dkt. 14.) On September 28, 2007, Defendant filed a Response to Plaintiff's Motion for Summary Judgment, as well as a Cross-Motion for Summary Judgment. (Dkt.16.) Plaintiff then filed a Response to Defendant's Motion for Summary Judgment and Reply in Support of Plaintiff's Motion for Summary Judgment on November 15, 2007. (Dkt.19-20.) The motions are now fully briefed and ripe for disposition by this Court.

**Relevant Background Regarding ALJ's Decision**

The ALJ initially denied Plaintiff's claim in 2002. (Tr. 20-26.) Following judicial review, the case was remanded upon stipulation, which included explicit directions for the ALJ to follow upon remand. (Tr. 588-589.) The ALJ again denied Plaintiff's claim in 2005. (Tr. 558-71.) Plaintiff asserts that the ALJ failed to comply with the remand order of this Court and of the Appeals Council. (Dkt. 14, Pl. Mot. for Summ. J. at 4-8.) Specifically, this Court ordered the ALJ, upon remand, to (1) further consider Dr. Bhalla's opinion, (2) further evaluate Plaintiff's subjective symptoms with consideration given to Plaintiff's obesity, (3) further consider Plaintiff's functional limitations (RFC), and, if necessary, (4) obtain vocational expert testimony. The ALJ considered and rejected Dr. Bhalla's opinion (Tr. 567); evaluated Plaintiff's alleged disabling subjective symptoms and found them to be not credible (Tr. 567-68); the ALJ explained his resolution of the conflicting medical opinions and thus explained his assessment of Plaintiff's functional limitations (Tr. 563-68); and the ALJ obtained vocational expert

testimony. (Tr. 569.) Consequently, the ALJ found the Plaintiff not disabled within the meaning of the Social Security Act. (Tr. 561-71.)

## STANDARD OF REVIEW

When deciding a Social Security appeal, the decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *See Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). When reviewing factual determinations by the Commissioner, acting through the Administrative Law Judge, this Court affirms if substantial evidence supports the determinations. *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003); *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is more than a mere scintilla, but less than a preponderance. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). Substantial evidence is relevant evidence which a reasonable person might accept as adequate to support a conclusion when the entire record is considered. *Howard*, 341 F.3d at 1011; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the Court may not substitute its judgment for that of the Commissioner. *See Batson*, 359 F.3d at 1193; *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *See Benton*, 331 F.3d at 1040; *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *See Edlund*, 253 F.3d at 1156; *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## DISCUSSION

Plaintiff asserts that the ALJ failed to comply with the remand orders of this Court in four distinct ways. First, she contends that the ALJ improperly considered the opinion of Dr. Bhalla,

as a treating physician and as a specialist in his respective field;[1] second, she argues that the ALJ did not fully evaluate her obesity, as it relates to her functional limitations; third, Plaintiff further alleges that the ALJ failed to adequately evaluate her subjective symptoms; and fourth, Plaintiff asserts that the ALJ failed to reconsider his determination regarding Plaintiff's residual functional capacity[2].

## I.      Conflicting Medical Opinions

Plaintiff contends that because Plaintiff's treating physician, Dr. Bhalla, specializes in fibromyalgia, a condition she is impaired by, the ALJ erred by rejecting his opinion. Plaintiff argues that the ALJ should have given Dr. Bhalla's opinion, as the treating physician and as a fibromyalgia specialist, greater weight when determining her disability status. Defendant, however, points out that Dr. Bhalla's opinion was contradicted by several other physicians. (Dkt. 16), and as such, it is fully within the discretion of the ALJ to resolve any conflicts among medical testimony. When presented with conflicting medical opinions in a social security disability proceeding, it is the ALJ's role to determine credibility and resolve the conflict. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Where evidence exists to support more than one rational interpretation, the Court must defer to the ALJ's decision. *Batson v. Comm'n of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Social Security Regulations require that the ALJ gives "controlling weight" to the medical opinion of an applicant's treating physician, so long as that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). Generally, the more consistent an opinion is with the record as a whole, the more weight the Social Security Administration will give to that

---

[1] *Specialization.* We generally give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist. 20 C.F.R. § 404.1527 (d)(5)(2005).

[2] *Residual functional capacity* is defined as what the claimant can still do despite her physical, mental, nonexertional, and other limitations due to her impairments. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989); see 20 C.F.R. § 404.1545 (2006).

opinion. 20 C.F.R. § 404.1527(d)(4)(2005). In the pending case, the ALJ reviewed the complete record, which consisted of several physician's opinions contradicting Dr. Bhalla's opinion; two physicians were treating physicians and two were examining physicians.[3] The ALJ expressly relied on the opinion of examining physician Dr. Cunningham over that of Dr. Bhalla. (Tr. 567.) Dr. Cunningham specifically tested Plaintiff's physical functioning, including her gait, range of motion, and motor functioning. (Tr. 429.) The ALJ found Dr. Cunningham's opinion to be more credible and thus placed more weight there upon. The ALJ's decision is based on substantial evidence in the record supporting his reliance on Dr. Cunningham's opinion, and thus is sufficient under the regulations and within the discretion of the ALJ.

Furthermore, an ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 949, 958 (9th Cir. 2002). The ALJ's decision should illustrate that he properly considered the respective expertise of the treating physicians and considered the record as a whole. *See* 20 C.F.R. 404.1527 (d) (2005). The ALJ found Dr. Bhalla's opinion to be inconsistent with his own treatment notes. (Tr. 567.) Dr. Bhalla attributed Plaintiff's disabling limitations to pain, fatigue and weakness, subjective symptoms, all of which the ALJ found to be not credibly disabling. See *Sandgathe v. Chater*, 108 F.3d 978, 980. (9th Cir. 1997) (stating that an ALJ may reject a treating physician's opinion if it is based on a claimant's properly discounted subjective complaints). The ALJ found Dr. Bhalla's opinion to be inconsistent with the record; consequently, it was within his authority to rely on the remaining treating and examining physicians opinions.

Accordingly, it is this Court's finding that the ALJ did not commit error by awarding the other physicians' opinions greater authority than the opinion of Dr. Bhalla, which itself reflected inconsistencies from his treatment notes. The ALJ cited specific and legitimate reasons for his determination, which is supported by substantial evidence, and thus, is affirmed.

---

[3] There were also several other non-examining physicians.

5

## II. Functional Limitations Resulting from Obesity

Plaintiff contends that the ALJ failed to evaluate the effect that her obesity has on her alleged disability. (Dkt. 14). Defendant argues that the ALJ expressly addressed the evidence of obesity-related functional limitations and found that the limitations not to be disabling. (Dkt. 16)

In a Social Security disability evaluation, obesity is to be considered an impairment like any other impairment. *See* Social Security Ruling 02-1p ("we consider obesity to be a medically determinable impairment and remind adjudicators to consider its effects when evaluating disability"). However, it remains the disability claimant's burden to establish that her impairments result in disability functional limitations. *See DeLorme v. Sullivan*, 924 F.2d 841, 849-50 (9th Cir. 1990) (regarding burdens); 20 C.F.R. § 404.1505 (2007) (definition of disability). In the instant case, the ALJ relied upon Dr. Cunningham's opinion, which found Plaintiff to be obese (Tr. 429) ("an obese female"), but did not find that her obesity prevented her from working. Furthermore, Dr. Fernando noted that Plaintiff was obese (Tr. 460) ("She is obese."), but opined that Plaintiff retained her ability to perform activities consistent with "light" work.[4] (Tr. 461.) As noted by the ALJ (Tr. 567), Dr. Fernando's opinion was consistent with Dr. Cunningham's opinion. The fact that the ALJ could have made different findings based on the evidence of record is irrelevant. 1 Soc. Sec. Disab. Claims Prac. & Proc. § 17:8 (2nd ed.).

For a Plaintiff to be eligible for DIB, her impairments must not only *seriously* affect her work, but the impairments must impede her from "*any* other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (emphasis added). Despite the fact that Plaintiff is obese, her obesity does not sufficiently impair her to the point that it impedes her from all work.

Therefore, Plaintiff has not met her burden of identifying any reliable medical opinions supporting her assertion of disabling obesity. Based on the foregoing, there is substantial

---

[4] *Light work* is defined as lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. § 404.1567(b) (2005).

evidence to support the ALJ's decision and to support his contention that he did properly address the Plaintiff's obesity-related symptoms. Moreover, this Court finds that the record supports the ALJ's decision finding that Plaintiff's obesity is not sufficiently disabling.

### III.     Subjective Disabling Symptoms

Plaintiff contends that despite the remand of this Court, the ALJ improperly discredited her subjective allegations of pain and erred by failing to articulate clear and convincing reasons for his findings. (Dkt. 14). The Court disagrees.

The ALJ may not discredit subjective testimony simply because it is not supported by objective evidence. "In deciding whether to admit a claimant's subjective symptom testimony, an ALJ must perform two stages of analysis." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must determine whether Plaintiff has submitted medical evidence of an underlying impairment or group of impairments that "could reasonably be expected to produce pain or other symptoms." *Id.* at 1281-82. Second, the ALJ must decide whether there has been any malingering on the part of the Plaintiff. *Id.* The ALJ may then reject the Plaintiff's testimony by clearly stating the findings that to such a conclusion. *Smolen*, 80 F.3d at 1284.

Here, there is sufficient evidence in the record establishing Plaintiff's underlying impairment, which could reasonably produce pain or other subjective symptoms, thereby satisfying the first prong of the analysis. However, as to the second prong, the ALJ proffered significant reasons for finding that the second prong was not satisfied. (Tr. 567–68.) If an ALJ finds that a Plaintiff's testimony relating to the intensity of her pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive. *See Bunnell v. Sullivan*, 947 F.2d 34, 346-47 (9th Cir. 1991). The ALJ found that Plaintiff had worked with her underlying ailments, including asthma and fibromyalgia, for a number of years, until she fractured her wrist. (Tr. 567-68.) *See Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988)(discussing where a claimant has worked with an alleged impairment over a period of years and there is no evidence of significant deterioration in that condition, it cannot now be considered disabling). Moreover, the ALJ set forth reasons to believe the

possibility of malingering by Plaintiff existed. For example, Drs. Fernando and Cunningham questioned the need for Plaintiff to use a cane (Tr. 461, 429); Drs. Cunningham and Orr reported "variable effort" (Tr. 431) and "poor effort" (Tr. 457) during pulmonary functioning testing, and Dr. Lipton reported that Plaintiff did not make a "full effort" when he tested her hand's functioning. (Tr. 348-49.)   Based on this evidence, the ALJ found Plaintiff's allegations of disabling subjective pain not credible.

The ALJ also observed that Plaintiff's daily activities, including taking care of her elderly mother, driving, shopping, doing household chores, etc., were inconsistent with her allegations of disabling subjective pain.  The ALJ need not objectively verify a plaintiff's daily activities to find them credible.  Absent evidence to the contrary, the ability to perform activities such as caring for personal needs, preparing simple meals, doing light household chores, and grocery shopping are inconsistent with the presence of a condition that would preclude all work activity. *Fair v. Bowen*, 885 F.2d 597 (9th Cir. 1989). *See also Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) ("an ability to perform such activities may be seen as inconsistent with the presence of a condition which would preclude all work activity"). According to Social Security Ruling 96-97p and 20 C.F.R. § 404.1529, a medically determinable physical or mental impairment must be present that could reasonably be expected to result in the pain alleged to have a significant effect on a disability decision. Based on this substantial evidence in the record, the ALJ determined that Plaintiff's subjective pain was not sufficient to be disabling. Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Secretary. *See Yuckert v. Bowen*, 841 F.2d 303, 307 (9th Cir. 1998); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Plaintiff further argues that the ALJ improperly rejected the lay statements of Plaintiff's mother and daughter. It is further within the discretion of the ALJ to discount the oral testimony or written statements of lay witnesses, so long as the ALJ provides reasons for doing so "that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may reject a lay witness' testimony if it conflicts with medical evidence. *See Bayliss v. Barnhart*, 427

F.3d 1211, 1218 (9th Cir. 2005). *See also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (finding that an ALJ may properly confer more weight on medical evidence than on lay witness testimony). Here, the ALJ explained his rejections of the lay witness statements, citing inconsistencies with the objective medical evidence, as well as the fact that the statements did not substantiate Plaintiff's disability claim. Plaintiff claims that the ALJ only referenced the statements made in 2000 and not the statements made in 2005, and therefore, the ALJ improperly rejected the aforementioned lay statements. However, Plaintiff fails to distinguish the statements made in 2000 and 2005, and even if such distinction was made, it is within the discretion of the ALJ to resolve any conflict or ambiguity with regard to the evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Plaintiff further asserts that the ALJ erred by not according sufficient weight to Plaintiff's award of Arizona disability benefits. However, the ALJ is not required to accord any weight to such evidence. *See Wilson v. Heckler*, 761 F.2d 1383, 1385 (9th Cir. 1985) (finding that award of disability benefits may be introduced into evidence, but the evidence can be attributed with as much or as little weight as the ALJ deems appropriate); 20 C.F.R. § 404.1504 (2007) (stating that disability determinations by other agencies are based on different standards and are not binding on Social Security). In the instant case, even though the Plaintiff acknowledged that the ALJ is not required to give her award of state disability any weight, *see* C.F.R. § 404.1512 (b)(5), Plaintiff nonetheless argues, without merit, that the ALJ is *required* to consider such evidence. In fact, the ALJ *may* consider this evidence when making their decision, but the ALJ is not *required* to do so. C.F.R. § 404.1512 (a)–(b). In fact, the ALJ is *not* required to consider or weigh each piece of evidence that is received. *Id.*

**IV.     Residual Functional Capacity Determination**

Plaintiff argues that the ALJ did not consider fibromyalgia or her mental functional limitations in assessing her overall functional capacity. (Dkt. 14). Defendant responds that the Plaintiff is merely attempting to insert her own opinion for that of the ALJ. (Dkt. 16). The Court finds the ALJ acted properly by resolving the conflicting medical testimony and relying on the

9

vocational expert. It is within the discretion of the ALJ to resolve conflicting medical opinions. *Matney*, 981 F.2d at 1019. Moreover, the ALJ is not required to accept every symptom of which an individual complains, as rising to the level of a functional limitation. *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (explaining that the ALJ is free to accept or reject claimant's proposed restrictions as long as the decision is supported by substantial evidence). Although, the Plaintiff again disagrees with the ALJ's resolution of the conflicting medical testimony in reference to her fibromyalgia, it is within the ALJ's discretion to resolve such conflicts. *Matney*, 981 F.2d at 1019.

The Plaintiff further contends that the ALJ did not fully assess her mental function limitations. The Plaintiff asserts that the ALJ should have relied on the opinion of examining psychologist, Dr. Bencomo, when determining her functional limitations as they relate to mental impairments. (Dkt. 14). The ALJ expressly relied on the opinion of psychologist Dr. Piatka. (Tr. 568 (referring to administrative Exhibit 30F); Tr. 436-42.) Moreover, the vocational expert based his testimony on Dr. Piatka's opinion. *See Thomas*, 278 F.3d at 956 (stating that a vocational expert witness may be asked to testify based on a specific medical report). Once again, the Plaintiff is attempting to replace the opinion of the ALJ with that of her own. The Court finds that there is substantial evidence in the record which supports the vocational expert's testimony. Further, the ALJ properly advanced his reasons for relying on Dr. Piatka's opinion.

## CONCLUSION

For the reasons stated herein, the Court concludes that the decision of the ALJ is in fact supported by substantial evidence. *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003); *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff Helen Parlin's Motion for Summary Judgment (Dkt. 14).

///

///

///

**IT IS FURTHER ORDERED GRANTING** the Commissioner's Cross-Motion for Summary Judgment (Dkt. 16); and **JUDGMENT IS ENTERED IN FAVOR of the COMMISSIONER and AGAINST** Plaintiff Helen Parlin.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED this 30th day of April, 2008.

Stephen M. McNamee
United States District Judge